# EXHIBIT A



**Service of Process Transmittal**
05/20/2020
CT Log Number 537690483

**TO:**   SERVICEOF PROCESS
CVS Health Companies
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

**RE:**   **Process Served in California**

**FOR:**   CVS Rx Services, Inc.  (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Diane gailey. etc., Pltf. vs. CVS Rx Services, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # C2000840 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/20/2020 at 13:48 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/20/2020, Expected Purge Date: 05/25/2020 |
| | Image SOP |
| | Email Notification,  SERVICEOF PROCESS  service_of_process@cvs.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  1 / KP

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

EXHIBIT A, PAGE 4

5/20/20 @ 12:55P

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FILED

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CVS RX SERVICES, INC., a New York Corporation, and DOES 1 through 50, inclusive,

2020 MAY 13 P 3:13

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

DIANE GAILEY, an individual,

KATE BIEKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA CA
BY:

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: (Número del Caso) |
|---|---|
| (El nombre y dirección de la corte es): | C 20-00840 |
| Contra Costa County Superior Court – Wakefield Taylor Courthouse | |
| 725 Court Street, Martinez CA 94553 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Allen, ALLEN ATTORNEY GROUP, 2121 N. California Blvd #209, Walnut Creek CA 94596, TEL: (925)695-4913

| DATE: (Fecha) | MAY 13 2020 | Clerk, by (Secretario) | C.A. JUMALA | Deputy (Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): CVS RX SERVICES, INC., a New York Corporation
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other (specify):
4. ☐ by personal delivery on (date)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

[Print this form] [Save this form] [Clear this form]

EXHIBIT A, PAGE 5

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Kevin R. Allen (SBN 237894) ALLEN ATTORNEY GROUP
2121 N. California Blvd., Suite 290
Walnut Creek CA 94596

TELEPHONE NO.: 925-895-4913     FAX NO. *(Optional)*: 925-334-7477
ATTORNEY FOR *(Name)*: Plaintiff Diane Galley

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Contra Costa
STREET ADDRESS: 725 Court St
MAILING ADDRESS: 725 Court St
CITY AND ZIP CODE: Martinez 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Diane Galley v. CVS RX SERVICES, INC.

*FOR COURT USE ONLY*

FILED
2020 MAY 13 P 3: 13
KATE BIEKER
THE SUPERIOR COURT
COUNTY OF CONTRA COSTA CA
CLERK
BY_____

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited   ☐ Limited | ☐ Counter   ☐ Joinder | C20 - 00840 - |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000) | |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☒ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: Five (5)
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 12, 2020

Kevin R. Allen
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear

SUPERIOR COURT - MART..EZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

DIANE GAILEY VS CVS RX SERVICES INC

NOTICE OF CASE MANAGEMENT CONFERENCE                 CIVMSC20-00840

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 10/07/20     DEPT:  12     TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

     a.   an order establishing a discovery schedule
     b.   an order referring the case to arbitration
     c.   an order transferring the case to limited jurisdiction
     d.   an order dismissing fictitious defendants
     e.   an order scheduling exchange of expert witness information
     f.   an order setting subsequent conference and the trial date
     g.   an order consolidating cases
     h.   an order severing trial of cross-complaints or bifurcating
          issues
     i.   an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

          Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  05/13/20

                              _____
                              C. JACALA
                              Deputy Clerk of the Court

1  KEVIN R. ALLEN, SBN 237994
   **ALLEN ATTORNEY GROUP**
2  2121 N. California Blvd, Suite 290
   Walnut Creek CA 94596
3  Tel. (925) 695-4913
   Fax (925) 334-7477
4  kevin@allenattorneygroup.com

5  Attorneys for Plaintiff
   Diane Gailey

6

FILED

2020 MAY 13 P 3: 12

KATE BIEKER
CLE... ...F THE SUPERIOR COURT
COUNTY OF CONTRA COSTA CA
BY:... ...C. ...DEPUTY CLERK

7            **IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA**

8                **FOR THE COUNTY OF CONTRA COSTA**

9                    **(UNLIMITED JURISDICTION)**

10  DIANE GAILEY, an individual,

11            Plaintiff,

12      vs.

13  CVS RX SERVICES, INC., a New York
14  Corporation, and DOES 1 through 50,
    inclusive,
15
            Defendants.
16

| | |
|---|---|
| Case No. | **C20-00840** |

**COMPLAINT**

1. Failure to Pay Wages Owed Including Overtime Pay (*Cal. Lab. Code §§ 510, 1194, 1198, 1771, 1174 and California Wage Orders*);
2. Failure to Pay Wages for Missed Meal Periods (*Cal. Lab. Code § 226.7*);
3. Failure to Pay Wages for Missed Rest Periods (*Cal. Lab. Code § 226.7*);
4. Inaccurate Wage Statement Penalties (*Cal. Lab. Code Section 226*)
5. Waiting Time Penalties (*Cal. Lab. Code §§ 201, 202, 203*);
6. Unfair Competition (*Cal. Bus. & Prof. Code §§ 17200 et seq.*);

**JURY TRIAL DEMANDED.**

PER LOCAL RULE, THIS
CASE IS ASSIGNED TO
DEPT ____ FOR ALL
PURPOSES

i

Complaint
*Diane Gailey v. CVS PHARMACY, INC.*

70?836

**PRELIMINARY STATEMENT**

1.     Through this Complaint, Plaintiff Diane Gailey ("Plaintiff") alleges that Defendant CVS Pharmacy, Inc., and DOES 1 through 50, inclusive (hereafter, collectively referred to as "CVS" or "Defendants"), violated myriad provisions of the California Labor Code, the applicable California Industrial Welfare Commission's ("IWC") Wage Order, the California Business & Professions Code (Section 17200 *et seq.*), and other statutes and regulations applicable to non-exempt employees in the State of California.

2.     During the time period covered by this Complaint, Plaintiff was employed as a nonexempt Pharmacy Manager in its CVS Pharmacy location at 2455 San Ramon Valley Blvd, San Ramon, California. Plaintiff's employment with Defendants ended on January 3, 2020.

3.     During all times relevant to this Complaint, Plaintiff was required to perform work "off the clock" for Defendant, on an almost daily basis, for which she was not compensated. Defendants suffered or permitted her to work these hours and knew, or should have known, that Plaintiff, and the other nonexempt employees in the pharmacy, were required to routinely worked off the clock hours in order to accomplish all of the tasks Defendants expected Plaintiff to perform and to do so in a way that protected the safety of the pharmacy's customers. Defendants also failed to compensate Plaintiff for time spent in off the clock security inspections.  Defendants also prevented Plaintiff from taking timely off-duty meal periods and rest breaks as required by law.

4.     As a result of Defendants misconduct, as more fully alleged herein, Defendants owe Plaintiff: (i) minimum wage and overtime premiums; (ii) premium wages for each day Plaintiff was deprived an uninterrupted, duty-free meal period mandated by California law; (iii) premium wages for each day Plaintiff was deprived an uninterrupted, duty-free rest period mandated by California law and/or on each day she was not paid separately for time spent on rest breaks; (iv) penalties for issuing inaccurate or inaccurate wage statements;  and (v) late payment penalties for failing to pay Plaintiff all wages earned at the time termination. Defendants have taken such wages owed to Plaintiff and unlawfully converted the funds for Defendants' own use

1    and benefit, in order to maximize profits and gain an unfair business advantage over their

2    competitors at the expense of Defendants' own employees.

3        5.    Defendants' acts and omissions, as described herein, violate provisions of the

4    California Labor Code, including but not limited to sections 201-203, 226, 226.7, 512, and 1197;

5    violate the applicable Wage Orders issued by the California Industrial Welfare Commission; and

6    amount to unfair and unlawful business practices prohibited by the California Business and

7    Professions Code, sections 17200 *et seq.*

8        6.    The "Covered Period" is defined four years preceding the filing date of this

9    Complaint through the date of trial, based upon the allegations that the violations of California's

10   wage and hour laws, as described more fully below, have been ongoing through that time.

11                              **JURISDICTION AND VENUE**

12       7.    This Court has jurisdiction over this action because the amount in controversy

13   exceeds $25,000.

14       8.    Pursuant to California Code of Civil Procedures § 395(a), venue is proper in the

15   County of Contra Costa because Defendants' obligations and liability arose, at least in part,

16   therein, and because the alleged injuries sustained by Plaintiff occurred in said County.

17                                    **THE PARTIES**

18       9.    Plaintiff Diane Gailey is a natural person who was employed during the Covered

19   Period by Defendant as a non-exempt Pharmacy Manager in its CVS Pharmacy located at 2455

20   San Ramon Valley Blvd, San Ramon, California. Plaintiff is, and at all relevant times alleged

21   herein, was, a resident of California. Plaintiff's employment with Defendants ended on January 3,

22   2020.

23       10.   Defendant CVS Rx Services, Inc., Inc. is a corporation organized under the laws

24   of the State of New York and is engaged in the business of operating retail stores that sell

25   pharmaceuticals and merchandise and provide pharmacy services throughout the State of

26   California.

27

28

1       11.   The true and correct names and capacities of DOES 1 through 50, inclusive, are

2   unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff is

3   informed and believes and thereon alleges that each of said fictitious Defendants caused injury

4   and damages to Plaintiff.

5       12.   Defendants DOES 1 through 10 are individuals employed by Defendant.

6       13.   At all times relevant herein, Defendants DOES 11-50 inclusive were and are

7   employer(s) and person(s) within the definition of California Labor Code § 18, the applicable

8   Industrial Wage Order, and California Business and Professions Code § 17201.

9       14.   The Plaintiff is informed and believes and, on that basis, alleges that at all relevant

10  times herein referenced, each of the Defendants DOES 1 through 50, were the agents, employees,

11  supervisors, employers, alter egos, and/or joint ventures of the remaining defendants, and were

12  acting both individually and in the course and scope of such relationship, and/or as an integrated

13  enterprise, and/or as joint employers, with the knowledge and/or consent of the remaining

14  Defendant. Plaintiff alleges that each defendant sued in this action, including each defendant sued

15  by the fictitious names DOES 1 through 50, inclusive, is directly or indirectly responsible on some

16  manner for the occurrences, controversies and damages alleged herein, in various capacities,

17  including but not limited to serving as a joint employer, joint tortfeasor, single enterprise, alter

18  ego, or agents of the other defendants. Each defendant approved, participated in, controlled, or

19  ratified the acts of all other defendants.

20                         **FACTUAL ALLEGATIONS**

21      15.   During the Covered Period, Plaintiff Diane Gailey was employed by Defendants'

22  as a non-exempt Pharmacy Manager at its CVS Pharmacy located at 2455 San Ramon Valley

23  Blvd, San Ramon, California.

24      16.   Plaintiff's hourly rate of pay at the time her employment ended in January 2020

25  was $73.02 an hour.

26

27

28

1      17.    During the Covered Period, Defendants had certain policies, procedures, and

2 practices in place that applied to Plaintiff, and other non-exempt Pharmacy Managers, such as,

3 without limitation, those pertaining to labor budgeting and/or work hour optimization, employee

4 scheduling relating to shifts and breaks, paperwork requirements, customer service and/or safety

5 expectations or requirements.

6      18.    By way of example, Defendants tracked various metrics to calculate a collective

7 pharmacy rating score for her store location for each month. The metrics included, but were not

8 limited to, how quickly customer prescriptions were filled, customer survey scores, as well as how

9 well the store met Defendant's labor budget optimization guidelines. Plaintiff received a written

10 monthly report on her stores' scores as well as weekly tracking through district wide conference

11 calls. Plaintiff's performance was judged, in large part, by how well her store's scores were

12 compared to other stores as well as historic performance at her store. Plaintiff was subject to

13 discipline if her store's scores did not meet certain requirements, regardless of the reason for the

14 deficiency.

15     19.    Defendant, from time to time, would adjust or add criteria to the metrics. By way

16 of example, during flu season Defendant issued store specific targets for the number of flu

17 vaccinations performed. One year, Defendant issued a target for all phone calls to the pharmacy

18 to be answered by the third ring. Another year, Defendant tracked the number of patients each

19 pharmacist successfully convinced to change from a prescription being refilled every 30-days to

20 having it refilled every 90-days. When Defendant rolled out these additional requirements, it did

21 not provide for additional staffing at the store to account for the extra work.

22     20.    Plaintiff is informed and believes, and on that basis, alleges that Defendant did not

23 provide for sufficient staffing so as to allow Plaintiff to perform all of her job duties in a safe and

24 timely manner while also satisfying Defendant's various metrics for her location unless she

25 worked off the clock.

26

27

28

21.     In order to satisfy Defendants' metrics, expectations, quotas, and standards, including those described above, all while keeping within the labor budget and work hour optimization standards set by Defendants, Plaintiff and other Pharmacy Managers were required to work considerable hours off the clock for which they were not compensated.

22.     Plaintiff did not have authority to increase staff or labor hours allocated by Defendants to her location. and did not have the authority to order pharmacists, or other support staff, at her store to work off the clock. In order to satisfy Defendants' expectations for store performance, Plaintiff was left with no choice but to work off the clock.

23.     Plaintiff is informed, believes, and thereupon alleges that Defendant's actions, as alleged herein, also put Plaintiff's license to practice as a pharmacist at risk in that meeting production metrics, and receiving good monthly "scores," were valued by Defendants over customer welfare. In order to protect patients, and protect herself from the personal liability exposure from a potential prescription error, Plaintiff was forced to work of the clock.

24.     Plaintiff is informed and believes, and on that basis alleges, that Defendants knew, or should have known, that, during the Covered Period, Plaintiff was required to work off the clock hours without compensation. Defendants suffered and/or permitted Plaintiff to perform this off the clock work for which she should have been paid. By way of example, Plaintiff often communicated with managers and/or immediate supervisors about Plaintiff's store being understaffed and that there were not enough employees in the pharmacy, nor were there sufficient hours budgeted for the employees that were scheduled by Defendants to work.

25.     Plaintiff's store also received consistent customer survey observations that her pharmacy was understaffed and there were also complaints about long customer lines.  Plaintiff was repeatedly directed that she could not respond to customers about why there was not more staff present. Plaintiff was required to perform management duties and expected to handle equal or more prescription processing as the other pharmacists working at the store during the time.

1  Defendant's store scoring metrics and work hour optimization standards provided Plaintiff with

2  inadequate support and pharmacist staff at her location.

3      26.    Plaintiff's coworkers, including her immediate supervisors and managers,

4  routinely saw Plaintiff performing work when they knew she was not clocked in for her shift, such

5  as before the scheduled start time, or after the end time, of her scheduled shift as well as during

6  meal periods and on her scheduled days off. Plaintiff also alleges that Defendants were aware that

7  she was working off the clock since this would have been evident from Defendants' building

8  security entry and exit logs as well as Defendants' records showing when Plaintiff logged into and

9  out of its of point of sale system at the register(s) and due to the presence of 24/7 video control of

10  the pharmacy which would reveal Plaintiff routinely working in the pharmacy at a time where she

11  was not scheduled to be present.

12      27.    During the Covered Period, Plaintiff was also required to submit to off the clock

13  security inspections before leaving the store. Plaintiff should have been compensated for the time

14  spent in these off the clock security inspections.

15      28.    During the Covered Period Plaintiff often worked more than eight hours, and on

16  occasion more than twelve hours, in a single day for which she was entitled to daily overtime

17  premiums. Additionally, Plaintiff also worked more than 40 hours in a week and/or worked a

18  seventh shift in a week, for which she was entitled to weekly overtime premiums. Defendants did

19  not pay Plaintiff all of the overtime premium wages she was properly owed.

20      29.    During the Covered Period, Plaintiff often did not receive timely, off-duty meal

21  periods and rest breaks of the proper duration and frequency. In fact, Plaintiff was rarely if ever

22  permitted to take off duty rest breaks due to the demands of the job and Defendants' failure to

23  adequately staff her store. For the same reasons, Plaintiff was rarely permitted timely,

24  uninterrupted, off duty meal periods of the proper duration. In order to try to satisfy the demands

25  of the job, and given Defendants' scheduling and labor budget practices, Plaintiff was routinely

26

27

28

1  required to perform work while clocked out for her meal periods or to take fewer than thirty

2  minutes for the meal period.

3      30.    During her employment, Plaintiff routinely worked for Defendant without being

4  provided with a timely thirty-minute uninterrupted, duty-free meal period during meal period

5  eligible shifts, and without being paid one (1) hour of pay at the employee's regular rate of

6  compensation for each work day that the meal period was not provided.

7      31.    During her employment, Plaintiff routinely worked for Defendant without being

8  provided with a timely uninterrupted, duty-free ten-minute rest period every four hours worked or

9  major fraction thereof, and without being paid one (1) hour of pay at the employee's regular rate

10  of compensation for each work day that the rest period was not provided.

11      32.    During Plaintiff's employment, Defendants routinely and systematically failed to

12  pay the legally required minimum wage for each hour worked and the associated overtime

13  premiums for hours worked in excess of 8 hours per day and 40 hours per week.

14      33.    Plaintiff was not provided with accurate wage statements. For example, since she

15  was not compensated for off the clock work, Defendants' wage statements did not accurately

16  report her hours worked or gross/net wages owed.

17      34.    Plaintiff's employment with Defendants ended on or around January 3, 2020. Due

18  to the above violations, Defendants did not, and have not, paid Plaintiff all wages owed to her. As

19  a result, Plaintiff is entitled to late payment penalties under Labor Code Section 201-203.

20

21                    **CAUSES OF ACTION**
                      **FIRST CAUSE OF ACTION**

22                        **Unpaid Wages**
      **(Violation of California Wage Order and Cal. Lab. Code §§ 510, 1194, 1197, 1198)**

23                    **(Against All Defendants)**

24      35.    Plaintiff incorporates in this cause of action each and every allegation of the

25  preceding paragraphs with the same force and effect as though fully set forth herein.

26

27

28

36.     At all relevant times, Defendant was aware of, and were under a duty to comply with, the provisions of the California Labor Code including, but not limited to, California Labor Code Sections 510, 1194, 1198, 1771, and 1774.

37.     California Labor Code Section 510(a), in pertinent part, provides: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

38.     California Labor Code Section 1194(a), in pertinent part, provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

39.     Labor Code Section 1194.2 entitles an employee receiving less than the minimum wage to recover liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.

40.     Labor Code Section 1197 makes it unlawful to pay an employee less than the minimum wage, as established by the Industrial Welfare Commission, for each hour worked

41.     California Labor Code Section 1198, in pertinent part, provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

42.     As a result of Defendants' improper pay policy and/or practices, as described herein, Defendants failed to pay Plaintiff all wages owed.

43.     Plaintiff is informed and believe, and based thereon allege, that Defendants' failure to pay the minimum wage for each hour worked, as described herein, was done willfully.

44.     Additionally, as a result of Defendants' failure to pay Plaintiff for all hours worked Plaintiff was not timely paid all earned wages as required by Labor Code sections 201-204.

45.     During the Covered Period, Plaintiff often worked in excess of 8 hours in a workday and/or 40 hours in a workweek. Plaintiff also worked in excess of twelve hours in a day and/or performed work for Defendant on seven consecutive days. As such many of the unpaid hours described in this cause of action should have been paid at the Plaintiff's premium overtime (or double time) rate of pay. The precise number of overtime hours will be proven at trial.

46.     During the Covered Period, Defendant refused and/or failed to compensate Plaintiff for all of the overtime wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

47.     By refusing to compensate Plaintiff for all wages earned, Defendant violated those California Labor Code provisions cited herein as well as the applicable IWC Wage Order(s).

48.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff sustained damages, including for unpaid minimum wage and unpaid premium overtime wages, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

Wherefore, the Plaintiff prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**
**Failure to Provide Meal Periods or Pay Wages for Missed Meal Periods**
**(Violation of California Wage Orders and Cal. Lab. Code § 226.7, 512)**
**(Against All Defendants)**

49.     Plaintiff re-alleges and incorporates each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

50.     As alleged herein, Defendant systematically failed and/or refused to allow Plaintiff to take an uninterrupted, off-duty meal breaks of at least 30 consecutive minutes in duration for

1    all shifts in excess of 5 hours, as guaranteed under California Labor Code Section 226.7 and 512,
2    and the applicable IWC Wage Order.

3        51.    Section 11 of the applicable IWC Wage Order requires an employer to pay an
4    employee an additional hour of compensation for every shift in which said employee was not
5    authorized or permitted to take a lawful a meal period. California Labor Code section 226.7,
6    subdivision (b), likewise requires an employer to pay an employee an additional hour of
7    compensation for every shift that a meal period mandated by the California Wage Orders is not
8    provided.

9        52.    At all relevant times herein, Defendant failed or refused to provide Plaintiff with
10   lawful meal periods or with additional compensation for missed meal periods as required by
11   California Labor Code Section 226.7 and 512, and Wage Order 9-2001.

12       53.    Based on Defendant's conduct, as alleged herein, Defendant is liable to the Plaintiff
13   for her unpaid premium wages for missed meal periods, pursuant to California Labor Code Section
14   226.7 and 512, and Wage Order 9-2001.

15       Wherefore, Plaintiff prays for judgment as set forth below.

16
17                          **THIRD CAUSE OF ACTION**
     **Failure to Authorize and Permit Rest Periods or Pay Wages for Missed Rest Periods**
18                          **(Cal. Lab. Code § 226.7)**
                            **(Against All Defendants)**
19       54.    Plaintiff re-alleges and incorporates each and every allegation of the preceding
20   paragraphs with the same force and effect as though fully set forth herein.
21       55.    As alleged herein, Defendant has systematically failed and/or refused to authorize
22   or permit Plaintiff to take an uninterrupted 10-minute rest break for every 4 hours worked or major
23   fraction thereof, as guaranteed under California Labor Code Section 226.7 and Wage Order 9-
24   2001.
25       56.    Section 12 of the applicable IWC Wage Order requires an employer to pay an
26   employee an additional hour of compensation for every shift in which said employee was not
27
28
                                        10

1  authorized or permitted to take a mandated paid rest period. California Labor Code section 226.7,

2  subdivision (b), likewise requires an employer to pay an employee an additional hour of

3  compensation for every shift that a paid rest period mandated by the California Wage Orders is

4  not provided.

5      57.    At all relevant times herein, Defendant failed or refused to provide Plaintiff with

6  all rest breaks to which she was entitled or to provide Plaintiff with additional compensation for

7  rest break violations as required by California Labor Code Section 226.7 and the applicable IWC

8  Wage Order.

9      58.    Based on Defendant's conduct, as alleged herein, Defendant is liable to the Plaintiff

10  for her unpaid premium wages for missed rest periods, pursuant to California Labor Code Section

11  226.7 and Wage Order 9-2001.

12      Wherefore, the Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
### For Waiting Time Penalties
### (Cal. Lab. Code §§ 201-203)
### (Against All Defendants)

16  59.    Plaintiff re-alleges and incorporates each and every allegation of the preceding

17  paragraphs with the same force and effect as though fully set forth herein.

18  60.    Sections 201-203 of the California Labor Code require employers to promptly pay

19  all wages owing to an employee at the conclusion of employment.

20  61.    Labor Code Section 201(a) states, in relevant part, that "[i]f an employer discharges

21  an employee, the wages earned and unpaid at the time of discharge are due and payable

22  immediately."

23  62.    Labor Code Section 202(a) states, in relevant part, that "[i]f an employee not

24  having a written contract for a definite period quits his or her employment, his or her wages shall

25  become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours

26  previous notice of his or her intention to quit, in which case the employee is entitled to his or her

27  wages at the time of quitting."

28

11
Complaint
*Diane Gailey v. CVS PHARMACY, INC.*

63.     Labor Code Section 203(a) states, in relevant part, that "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

64.     As alleged herein, Plaintiff's employment with Defendant ended on January 3, 2020.

65.     Defendant failed to pay Plaintiff all wages owed to her at the time her employment was terminated. Defendant's failure was willful.

66.     Plaintiff is entitled to penalties against Defendant, in an amount to be proven at trial, pursuant to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid, for a period of up to thirty days from the time they were due.

Wherefore, the Representative Plaintiff prays for judgment as set forth below.

### FIFTH CAUSE OF ACTION
**Unfair Business Practices Under the Unfair Competition Law**
**(Cal. Bus. & Prof. Code §§ 17200 et seq.)**

67.     Plaintiff re-alleges and incorporates each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

68.     California has an important public policy of protecting the welfare of employees, and thus provides for necessary meal and rest periods and that statutorily-guaranteed wages be paid for all hours worked and for missed meal and rest periods. See e.g. Cal. Lab. Code §§ 226.7, 512 & 1197. Defendant's willful piece rate pay scheme, through which Plaintiff was denied mandated meal and rest periods, premium wages for missed meal and rest periods, and the legally-mandated wages (including overtime wages) for each hour worked, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, and other employees of the Defendants during the Covered Period, and the general public. Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

1      69.    A violation of California Business & Professions Code sections 17200 *et seq.* may

2  be predicated on the violation of any state or federal law. Defendant's activities, as alleged herein,

3  are violations of California law, and constitute unlawful business acts and practices in violation

4  of California Business & Professions Code sections 17200 *et seq.*

5      70.    Plaintiff and other of Defendants' employees were dependent on Defendant for

6  their livelihood, and do not have the same bargaining advantage as their employer. Defendant's

7  failure to compensate them for each hour worked and otherwise comply with the Labor Code and

8  applicable IWC Wage Order, as alleged more fully herein, was unlawful and unfair. Defendant

9  has, through the conduct alleged herein, been able to avoid its obligations to abide by California's

10  minimum employee-protections, including provisions regarding mandated meal and rest periods,

11  earned premium wages for missed meal and rest periods, and guaranteed overtime wage

12  compensation for hours worked. Throughout the time relevant to this action, Defendant, as

13  described herein, has failed and/or refused to abide by the minimum-employee protections that

14  have long been set forth in California law.

15      71.    Defendants' illegal pay scheme allowed Defendants to strip Plaintiff of her

16  fundamental employment rights, such as the rights to overtime wages, mandated meal and rest

17  periods, premium wages for missed meal and rest periods, itemized wage statements, and the

18  prompt payment of full wages within time limits set by law, as provided under various provisions

19  of the Labor Code and Wage Order 9-2001. Under their unlawful scheme, Defendants are further

20  able to evade their other legal responsibilities as employer(s).

21      72.    With its unlawful scheme, Defendants are able to unjustly keep and appropriate for

22  itself significant amounts of money that otherwise should have been paid to Plaintiff.

23      73.    Defendants' unfair business practices have reaped undue benefits and illegal

24  profits, and unjustly enriched Defendant, at the expense of Plaintiff, Defendants' other employees

25  in the pharmacy that were employed during the covered period, and the public. Plaintiff, and other

26  of Defendants' employees who worked during the Covered Period, have been personally injured

27

28

1   by Defendants' unlawful business acts and practices, as alleged herein, including but not

2   necessarily limited to the loss of money or property. Likewise, Defendants enjoyed a competitive

3   advantage over Defendant's competitors who complied with the Labor Code and applicable IWC

4   Wage Order requirements.

5        74.    Pursuant to California Business & Professions Code sections 17200 *et seq.*,

6   Plaintiff is entitled to preliminary and permanent injunctive relief enjoining Defendants from

7   continuing to commit their illegal acts, and for an accounting for and restitution of the monies

8   unlawfully withheld and retained by Defendant. Plaintiff is also entitled to disgorgement of

9   Defendants' illegally acquired profits during the Covered Period. Plaintiff is also entitled to an

10  award of attorneys' fees and costs pursuant to California Code of Civil Procedure section 1021.5

11  and other applicable laws.

12      Wherefore, the Plaintiff prays for judgment as set forth below.

13  **PRAYER FOR RELIEF**

14      WHEREFORE, Plaintiff prays for damages for judgment against Defendants, and each of

15  them, as follows:

16      1.    That the Court declare, adjudge, and decree that Defendants violated the

17  provisions of the California Labor Code and the applicable California Industrial Welfare

18  Commission Wage Order(s) as to Plaintiff as alleged herein;

19      2.    That the Court make an award to Plaintiff of unpaid minimum, overtime, and

20  double-time wage compensation (pursuant to California Labor Code §§ 510, 1194);

21      3.    That the Court make an award to Plaintiff of one hour of pay at each employee's

22  regular rate of compensation for each workday on which a meal period(s) was not provided

23  (pursuant to California Labor Code § 226.7);

24      4.    That the Court make an award to Plaintiff of one hour of pay at each employee's

25  regular rate of compensation for each workday on which a rest break was not provided (pursuant

26  to California Labor Code § 226.7);

27

28

14

Complaint
*Diane Gailey v. CVS PHARMACY, INC.*

1     5.     That the Court make an award to Plaintiff of "waiting time" penalties (pursuant to

2    California Labor Code § 203);

3     6.     That the Court order Defendant to pay restitution pursuant to

4    California Business and Professions Code §§ 17200-17208;

5     7.     That the Court enjoin Defendants, ordering them to cease and desist from unlawful

6    activities in violation of California Business and Professions Code § 17200, *et seq*.;

7     8.     For all other Orders, findings and determinations identified and sought in this

8    Complaint;

9     9.     For interest on the amount of any and all economic losses, at the prevailing legal

10   rate;

11     10.    For reasonable attorneys' fees as alleged herein, including pursuant to California

12   Labor Code §§ 218.5, 1194, and/or California Code of Civil Procedure §1021.5; and;

13     11.    For costs of suit and any and all such other relief as the Court deems just and

14   proper.

15   Dated: May <u>12</u>, 2020             ALLEN ATTORNEY GROUP

16

17                                 *Kevin Allen*

18                    By: _____

                                 Kevin R. Allen, Esq.

19                                 Attorneys for Plaintiff

                                 Diane Gailey

20

21

22

23

24

25

26

27

28

Complaint
*Diane Gailey v. CVS PHARMACY, INC.*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury to the extent authorized by law.

Dated:  May 12, 2020                                    ALLEN ATTORNEY GROUP

By: *Kevin Allen*
                         Kevin R. Allen, Esq.
                         Attorneys for Plaintiff
                         Diane Gailey